```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Brenda Robinette,                :

       Plaintiff,              : Case No. 2:16-CV-406

   v.                           :

Ohio Health Outreach Labs        : JUDGE GEORGE C. SMITH
et al.,                            Magistrate Judge Kemp
                              :
       Defendants.
                              :

## OPINION AND ORDER

    This matter is before the Court on a motion for more definite statement filed by defendant Ohio Health Outreach Labs, ("Ohio Health").  (Doc. 10).  Plaintiff Brenda Robinette filed an opposition to the motion (Doc. 14), and Ohio Health filed a reply brief (Doc. 15).  Consequently, the motion has been briefed fully and is ripe for resolution.  For the reasons that follow, the Court motion will be denied.

### I. Background

    The following statement of facts is based on the complaint. On November 18, 2014, Ms. Robinette, an African American, began a temporary to permanent contract assignment as a phlebotomist at Ohio Health.  She asserts that prior to starting her assignment she completed the following requirements: drug test, background check for the past seven years, tuberculosis test, flu shot, mask fitting, physical, and a series of online assessment tests.  Ms. Robinette also submitted her phlebotomy qualifications as well as her education and training records.  She was living in Canton, Ohio, at the time and arranged to stay with friends in Canal Winchester, Ohio in order to take the job, with a plan to permanently relocate if she was hired as an employee.  Ms. Robinette claims that when she arrived at Ohio Health for orientation on her first day she was fingerprinted, which

surprised her as she had never been required to do so for a contract position.  At the end of the first work day, Ms. Robinette was called into the Human Resources Department ("HR") and asked for specifics on her criminal record, the most recent conviction being in 1996.  Ms. Robinette told the HR representative that years ago she had some criminal convictions related to a crack cocaine, but since then she had improved her life, married, had a child, attended college, and obtained an associate's degree.

    Ms. Robinette maintains that she was humiliated and degraded by being required to discuss these details with the HR representative, who behaved in a "judgmental" and "cold" manner towards her.  Ohio Health HR provided Ms. Robinette with a form to complete with instructions that a more thorough FBI background check would be mailed to where she was staying in Canal Winchester.  She was instructed that not to open it when received, but to bring it back to the Ohio Health HR Department.  Ms. Robinette asserts that she was told that the background check would be reviewed and a decision would then be made as to whether she would be offered a permanent job, but was assured that her job performance would be the main deciding factor.  She claims during the following six weeks she had perfect attendance and was never late for work.  Ms. Robinette asserts that her performance at work was well received, and she was even given increased responsibilities, at times opening and closing the Community Clinic on her own.  After six weeks on the job Ms. Robinette was informed by her supervisor that her assignment was being terminated due to the criminal record in her background check.

    Ms. Robinette alleges that the placement agency that had recruited her for the job informed her that she had not been truthful on the form about her criminal record.  She says that is inaccurate.  She claims that she was informed that workers are

not routinely fingerprinted unless and until they are offered a permanent position with Ohio Health.  Ms. Robinette says she learned from a Somalian co-worker, the "other black phlebotomist" at Ohio Health, that the co-worker had also been discriminated against by being fingerprinted and also by being required to take off her head covering while at work.  Ms. Robinette asserts that in her fourteen years' experience as a phlebotomist working temporary assignments through agencies, she was not finger printed unless offered a permanent position.

Ms. Robinette contends that these actions by Ohio Health amounted to discrimination against her on the basis of her race. She claims that these actions and "personal retaliation" against her violated her rights under the following statutes: (1) Title VII of the Civil Rights Act of 1964; (2) the Rehabilitation of Offenders Act of 1974; and (3) the Equal Opportunities Act 2006. In the concluding paragraph of her complaint, Ms. Robinette seeks a letter of reference from Ohio Health to reflect her good performance, as well as monetary damages for discrimination, unlawful employment practices, defamation of character, and mental distress.  Ms. Robinette also submits a Right to Sue Notice from the Equal Employment Commission dated February 25, 2016.  The Court considers the motion for a more definite statement with these facts in mind.

## II. Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure states, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

"[A] motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail .... [It]

must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Jakovich v. Hill, Stonestreet & Co., 2005 WL 3262953, at *3 (N.D. Ohio Nov. 30, 2005) (quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D. Wis. 1985)).

Federal courts generally disfavor motions for more definite statements. Monsul v. Ohashi Technica U.S.A., Inc., 2009 WL 2430959, at *4 (S.D. Ohio Aug. 6, 2009). In view of the notice pleading standards of Fed. R. Civ. P. 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Shirk v. Fifth Third Bancorp., 2008 WL 4449024, *8 (S.D. Ohio Sept. 26, 2008). Accordingly, if the complaint meets the notice pleading requirements of Rule 8(a)(2), the motion should be denied. Id. Finally, the complaint, filed by a pro se plaintiff, is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III.  Discussion

Ohio Health's motion argues that Ms. Robinette's complaint is "so disjointed and ambiguous that preparing a responsive pleading is impractical." They point out that she fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure, which states that a party "must state its claims or defenses in numbered paragraphs, each limited to as far as practicable to a single set of circumstances." Instead, Ms. Robinette submitted an eight-page essay-style narrative with no numbering.  Ohio Health also argues that Ms. Robinette's allegations are deficient because she refers to a number of statutes that may not be relevant to her claims and does not articulate separate causes of

-4-

action for each statute cited.  Ohio Health asserts that this format makes it "impossible for Defendant to identify, admit, or deny each allegation in the Complaint, and identify Plaintiff's causes of action."  They request that the Court require Ms. Robinette to separately identify each claim or cause of action she is asserting with reference to its factual basis.  Ohio Health argues that without a more definite statement they will be unfairly prejudiced.  See e.g. Nelson v. Matheney, Franklin C.P. No. 12 CV 10430 (August 21, 2013) (finding that defendant would be unfairly prejudiced if required to guess as to the claims against him, and in doing so, potentially miss defenses available to him).

    In this case, Ms. Robinette alleges that she was discriminated against by Ohio Health due to her race.  Her pro se complaint is written in an essay style and contains personal information and details which may be deemed to be superfluous to her legal causes of action.  Nonetheless, the claims in the complaint are not unintelligible and contain sufficient factual allegations to enable Ohio Health to ascertain the claims against it.  Ms. Robinette alleges that she was discriminated against by being required to submit fingerprints in a circumstance where non African-American individuals were not; was subjected to a more extensive and intrusive background check than contract employees of other races; and ultimately had her work assignment contract terminated based on her race.  Ohio Health has the information it needs to be capable of filing an answer or other appropriate motion.  Failure of a pro se plaintiff to comply with Fed. R. Civ. P. 10(b) and use numbered paragraphs does not prevent Ohio Health from interpreting the allegations against it.  See, e.g., Greater New York Auto. Dealers Ass'n v. Environmental Systems Testing, Inc., 211 F.R.D. 71, 79 (E.D.N.Y. 2002)("[e]ven in cases where a plaintiff's complaint is not a model of clarity and is

-5-

technically in violation of Rule 10(b), the court may conclude that a more definite statement is not required"). Moreover, the fact that some or all of the statutes referenced may not be relevant and Ms. Robinette's cause of action may not ultimately succeed will be resolved as the litigation progresses.

Because Rule 12(e) motions are not favored by courts and the amended complaint provided sufficient background to Ohio Health to form a responsive pleading, the motion will be denied. Any uncertainty that remains concerning allegations in the amended complaint can be addressed through the discovery process.

### IV. Conclusion

For the reasons set forth above, the motion for more definite statement (Doc. 10) is denied.

### V. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge